| | |
|---|---|
| Randy J. Cox | Luke J. McCammon |
| John M. Newman | (*pro hac vice pending*) |
| BOONE KARLBERG P.C. | Robert F. Shaffer |
| 201 West Main, Suite 300 | (*pro hac vice pending*) |
| P.O. Box 9199 | FINNEGAN, HENDERSON, FARABOW |
| Missoula, MT 59807-9199 | GARRETT & DUNNER, LLP |
| Telephone: (406) 543-6646 | 901 New York Avenue, N.W. |
| rcox@boonekarlberg.com | Washington, D.C. 20001-4413 |
| jnewman@boonekarlberg.com | Telephone: (202) 408-4000 |
| *Attorneys for Defendant uAvionix, Corp.* | luke.mccammon@finnegan.com |
| | robert.shaffer@finnegan.com |
| | *Attorneys for Defendant uAvionix, Corp.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GARMIN INTERNATIONAL, INC. and GARMIN USA, INC. | Cause No. 18-CV-00112-DLC |
| Plaintiffs, | **ANSWER AND COUNTERCLAIMS TO GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| UAVIONIX, CORP. | |
| Defendant. | |

Defendant uAvionix, Corp. ("uAvionix") hereby answers and asserts defenses and counterclaims to the Complaint for Patent Infringement ("Complaint") filed by Garmin International, Inc. and Garmin USA Inc. (collectively, "Garmin") on June 19, 2018, as follows:

1

## INTRODUCTION

1. uAvionix has insufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint.

2. uAvionix denies the allegations in Paragraph 2 of the Complaint.

3. uAvionix denies the allegations in Paragraph 3 of the Complaint.

4. uAvionix denies the allegations in Paragraph 4 of the Complaint.

5. uAvionix denies the allegations in Paragraph 5 of the Complaint.

6. uAvionix denies the allegations in Paragraph 6 of the Complaint.

## THE PARTIES

7. uAvionix has insufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint.

8. uAvionix has insufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint.

9. uAvionix has insufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint.

10. uAvionix admits the allegations in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. uAvionix admits that this is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. uAvionix does not contest the subject matter jurisdiction of this Court.

12.   uAvionix does not contest the personal jurisdiction of this Court. uAvionix admits that its principal place of business is at 300 Pine Needle Lane, Bigfork, Montana 59911. uAvionix denies the remaining allegations in Paragraph 12 of the Complaint.

13.   uAvionix does not contest that venue is proper in this District.

## **ALLEGATIONS**

14.   uAvionix denies the allegations in Paragraph 14 of the Complaint.

15.   uAvionix denies the allegations in Paragraph 15 of the Complaint.

16.   uAvionix denies the allegations in Paragraph 16 of the Complaint.

17.   uAvionix admits that the application for U.S. Patent No. 8,102,301 ("the '301 Patent") was filed on December 18, 2009, and that the '301 Patent issued on January 24, 2012.

18.   uAvionix admits that Exhibit A to the Complaint appears to be a copy of the '301 Patent. uAvionix has insufficient knowledge to admit or deny the remaining allegations in Paragraph 18 of the Complaint

19.   uAvionix admits that it engaged in communications with Garmin. uAvionix denies the remaining allegations in Paragraph 19 of the Complaint.

20.   uAvionix admits that it engaged in communications with Garmin. uAvionix denies the remaining allegations in Paragraph 20 of the Complaint.

21. uAvionix admits that it was aware of the '301 Patent as of December 12, 2017. uAvionix denies the allegations in Paragraph 21 of the Complaint.

22. uAvionix has insufficient knowledge to admit or deny that Garmin purchased the uAvionix products. uAvionix denies the remaining allegations in Paragraph 22 of the Complaint.

23. uAvionix denies the allegations in Paragraph 23 of the Complaint.

24. uAvionix denies the allegations in Paragraph 24 of the Complaint.

25. uAvionix denies the allegations in Paragraph 25 of the Complaint.

26. uAvionix denies the allegations in Paragraph 26 of the Complaint.

27. uAvionix admits that it filed a patent application that was published as U.S. Pub. No. 2018/0100914. uAvionix denies the remaining allegations in Paragraph 27 of the Complaint.

28. uAvionix denies the allegations in Paragraph 28 of the Complaint.

## **SKYBEACON**

29. uAvionix admits that Paragraph 29 includes an excerpt from Exhibit C, which appears to be an excerpt from a version of a uAvionix web page. uAvionix denies the remaining allegations in Paragraph 29 of the Complaint.

30. uAvionix admits that Paragraph 30 includes an excerpt from Exhibit C, which appears to be an excerpt from a version of a uAvionix web page. uAvionix denies the remaining allegations in Paragraph 30 of the Complaint.

31. uAvionix admits that Paragraph 31 includes an excerpt from Exhibit D, which appears to be a version of a document related to skyBeacon. uAvionix denies the allegations in Paragraph 31 of the Complaint.

32. uAvionix admits that Paragraph 32 includes an excerpt from Exhibit D, which appears to be a version of a document related to skyBeacon. uAvionix denies the remaining allegations in Paragraph 32 of the Complaint.

33. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 33 of the Complaint. uAvionix denies the remaining allegations in Paragraph 33 of the Complaint.

34. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 34 of the Complaint. uAvionix denies the remaining allegations in Paragraph 34 of the Complaint.

35. uAvionix admits that Paragraph 35 includes excerpts from Exhibits D and E, which appear to be versions of a document related to skyBeacon and a uAvionix web page, respectively. uAvionix denies the remaining allegations in Paragraph 35 of the Complaint.

36. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 36 of the

Complaint. uAvionix denies the remaining allegations in Paragraph 36 of the Complaint.

37. uAvionix admits that Paragraph 37 includes an excerpt from Exhibit D, which appears to be a version of a document related to skyBeacon. uAvionix further admits that 14 C.F.R. § 91.227 refers to "[a]n indication of the aircraft's barometric pressure altitude," "[a]n indication of the Mode 3/A transponder code specified by ATC," and "an indication of the aircraft's 'IDENT' to ATC." uAvionix denies the remaining allegations in Paragraph 37 of the Complaint.

## ECHOUAT

38. uAvionix admits that Paragraph 38 includes an excerpt from Exhibit H, which appears to be an excerpt from a version of a uAvionix web page. uAvionix denies the remaining allegations in Paragraph 38 of the Complaint.

39. uAvionix admits that Paragraph 39 includes an excerpt from Exhibit I, which appears to be a version of a document related to echoUAT. uAvionix denies the remaining allegations in Paragraph 39 of the Complaint.

40. uAvionix admits that Paragraph 40 includes excerpts from Exhibits H and I, which appear to be versions of a uAvionix web page and a document related to echoUAT, respectively. uAvionix denies the remaining allegations in Paragraph 40 of the Complaint.

41. uAvionix admits that Paragraph 41 includes an excerpt from Exhibit I, which appears to be a version of a document related to echoUAT. uAvionix denies the remaining allegations in Paragraph 41 of the Complaint.

42. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 42 of the Complaint. uAvionix denies the remaining allegations in Paragraph 42 of the Complaint.

43. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 43 of the Complaint. uAvionix denies the remaining allegations in Paragraph 43 of the Complaint.

44. uAvionix admits that Paragraph 44 includes an excerpt from Exhibit I, which appears to be a version of a document related to echoUAT. uAvionix denies the allegations in Paragraph 44 of the Complaint.

45. uAvionix is without knowledge or information sufficient to form a belief as to the authenticity of the screenshot shown in paragraph 45 of the Complaint. uAvionix denies the allegations in Paragraph 45 of the Complaint.

46. uAvionix admits that Paragraph 46 includes excerpts from Exhibit I, which appears to be a version of a document related to echoUAT denies the allegations in Paragraph 46 of the Complaint.

47. uAvionix admits that 14 C.F.R. § 91.227 refers to "[a]n indication of the aircraft's barometric pressure altitude," "[a]n indication of the Mode 3/A transponder code specified by ATC," and "an indication of the aircraft's 'IDENT' to ATC." uAvionix denies the remaining denies the allegations in Paragraph 47 of the Complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,102,301

48. uAvionix incorporates and references its answers to the allegations asserted in each of the preceding paragraphs as if fully set forth herein.

49. uAvionix denies the allegations in Paragraph 49 of the Complaint.

50. uAvionix denies the allegations in Paragraph 50 of the Complaint.

51. uAvionix denies the allegations in Paragraph 51 of the Complaint.

52. uAvionix denies the allegations in Paragraph 52 of the Complaint.

53. uAvionix denies the allegations in Paragraph 53 of the Complaint.

54. uAvionix denies the allegations in Paragraph 54 of the Complaint.

## PRAYER FOR RELIEF

uAvionix denies that Garmin is entitled to any of the relief requested in the Complaint.

## JURY TRIAL DEMAND

uAvionix admits that Garmin demands a jury trial on all issues triable by right of jury. uAvionix, likewise, demands a jury trial on all issues so triable.

## DEFENSES

Without conceding that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to uAvionix's right to plead additional defenses as discovery into the facts of the matter warrant, uAvionix hereby asserts the following defenses:

### First Defense

uAvionix has not infringed and does not infringe, either directly, contributorily, by inducement, literally, under the doctrine of equivalents, willfully, or in any other manner any claim of the '301 Patent.

### Second Defense

One or more of the claims of the '301 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense

uAvionix alleges that the claims of the '301 Patent are and were limited by amendment, by the prior art, and/or by statements made during their prosecution before the United States Patent and Trademark Office ("USPTO"), such that Garmin is now estopped and otherwise precluded from maintaining that such claims are of sufficient scope to cover the accused products, either literally or under the doctrine of equivalents.

## Fourth Defense

Garmin's claims for damages are limited pursuant to 35 U.S.C. § 287.

## Fifth Defense

Garmin's request for injunctive relief is barred in whole or in part because there exists an adequate remedy at law and Plaintiffs' claims fail to meet the requirements for such relief.

## COUNTERCLAIMS

### Parties

1. Counterclaim Plaintiff uAvionix, Corp. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Montana.

2. By its own assertion, Garmin International, Inc. is a corporation organized under the laws of Kansas, with its principal place of business in Kansas.

3. By its own assertion, Garmin USA, Inc. is a corporation organized under the laws of Kansas, with its principal place of business in Kansas.

4. Garmin International, Inc. and Garmin USA, Inc. (collectively "Garmin") have sued uAvionix for patent infringement.

### Jurisdiction

5. uAvionix's counterclaim for Declaratory Judgment arises under the Federal Declaratory Judgment Act and the patent laws of the United States, more

particularly under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and 35 U.S.C. § 100 et seq.

6. This Court has personal jurisdiction over Garmin because Garmin submitted itself to the jurisdiction of this Court.

7. Venue in this judicial district for the following counterclaims of uAvionix is proper because Garmin consented to this venue by asserting and filing claims of patent infringement against uAvionix.

### Counterclaim I: Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,102,301

8. uAvionix repeats and realleges the allegations set forth in Paragraphs 1 through 7 of its Counterclaims, as if fully set forth herein.

9. Garmin has asserted the '301 Patent against uAvionix in this judicial district, alleging that uAvionix infringes one of more claims of the '301 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

10. uAvionix has not infringed, actively induced others to infringe, or contributed to the infringement of any claim of the '301 Patent, either literally or under the doctrine of equivalents. For example, Garmin has failed to show that the products it has accused of infringement include at least "a processing system operable to cause the information to be extracted from the received transmission," as recited in claim 6 of the '301 Patent.

11. An actual controversy exists between the parties as to whether uAvionix infringes any claim of the '301 Patent.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., uAvionix is entitled to a judicial declaration that it has not infringed and does not infringe any claim of the '301 Patent.

## Counterclaim II: Declaratory Judgment of Invalidity of U.S. Patent No. 8,102,301

13. uAvionix repeats and realleges the allegations set forth in Paragraphs 1 through 12 of its Counterclaims, as if fully set forth herein.

14. The claims of the '301 Patent are invalid for failure to meet one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. For example, upon information and belief Garmin sold a product known as GDL 90 more than one year before it filed the application that led to the '301 Patent. Based on Garmin's apparent interpretation of the claims, the GDL 90 includes each and every limitation of at least claim 6 of the '301 Patent, rendering at least claim 6 invalid under 35 U.S.C. §§ 102 and 103.

16. An actual controversy exists between the parties as to the validity of the '301 Patent.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., uAvionix is entitled to a judicial declaration that the claims '301 Patent are invalid.

## **PRAYER FOR RELIEF**

1. WHEREFORE, uAvionix respectfully requests that the Court:

   i. Dismiss the Complaint with prejudice;

   ii. Enter a judgment in favor of uAvionix;

   iii. Declare the uAvionix has not infringed and currently is not infringing, whether directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, willfully, or in any other manner, any claims of the '301 Patent;

   iv. Declare that the claims of the '301 Patent are invalid;

   v. Declare that this is an exceptional case as defined by 35 U.S.C. § 285 and award uAvionix its attorneys' fees and full costs of suit;

   vi. Award uAvionix monetary relief, including damages and the costs of the action pursuant to applicable laws; and

   vii. Award uAvionix such and other further relief as this Court deems just and appropriate.

uAvionix reserves the right to supplement or amend this Answer and its Counterclaims, if necessary, after further investigation and as more information becomes known.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, uAvionix respectfully demands a trial by jury on all issues so triable.

DATED this 25th day of July, 2018.

                              BOONE KARLBERG P.C.

                              /s/ Randy J. Cox_____
                              Randy J. Cox
                              John M. Newman
                              *Attorneys for Defendant uAvionix, Corp.*